
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 16, 2018

## STATE OF TENNESSEE v. HAROLD JOE RITTENHOUSE

**Appeal from the Circuit Court for Franklin County**
**No. 18426, 19594     Justin C. Angel, Judge**

_____

### No. M2018-00140-CCA-R3-CD

_____

Petitioner, Harold Joe Rittenhouse, appeals the trial court's summary dismissal of his petition for writ of habeas corpus and motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1.  Following our review of the parties' briefs and applicable law, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Harold Joe Rittenhouse, Whiteville, Tennessee, *Pro Se*.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; James Michael Taylor, District Attorney General; and Steve Blount, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In 2011, Petitioner pled guilty to two counts of attempted aggravated sexual battery.  The judgments were entered on June 22, 2011.  The trial court imposed a sentence of six years for each count to be served consecutively as a Range One standard offender, for an effective twelve-year sentence at 30% release eligibility.  The trial court further ordered the sentence to be served on community corrections after a period of split confinement in the county jail.  On February 10, 2015, the trial court entered orders revoking Petitioner's community corrections sentence and ordering him to serve the balance of his sentence in confinement.  On July 3, 2017, Petitioner filed a motion to "[v]acate an illegal sentence" pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure and a petition for writ of habeas corpus, which was summarily dismissed by

the trial court on July 21, 2017.  Petitioner filed an untimely notice of appeal on January 22, 2018.  In this appeal, Petitioner argues that he is entitled to both habeas corpus relief and relief under Rule 36.1 because his release eligibility of 30% is illegal because his sentence was required to be served at 100%.

The State argues that the appeal is untimely because Petitioner failed to file the notice of appeal within 30 days of the judgment appealed from as required by Tennessee Rule of Appellate Procedure 4(a).  The State acknowledges that "in all criminal cases, the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice."  Tenn. R. App. P. 4(a).  Nonetheless, the State asserts that justice is not served by waiving the timeliness requirement in this case. The only explanation that Petitioner offers for his "DELAYED APPEAL" is that he did not timely receive the trial court's order because of his "inability to Access the Courts in a timely manner."  He further states:  "I at all time pertinent an inmate at HCCF was placed on Administration lock-down by the Institution until further notice, which resulted in my inability to Access the Courts, to Access the library, and legal material entitled for such purposes in a timely manner."  Petitioner also asserts that he was "not timely made aware of the Court Order so filed under the extraordinary circumstance burdened him of HCCF administrative lock-downs and at will decisions."   The State argues that even if waiver is granted, Petitioner is still not entitled to relief because his sentence is not illegal.

Pursuant to Rule 4, Tennessee Rules of Appellate Procedure, a notice of appeal document shall be filed within thirty days after entry of the judgment from which an appeal is sought.  This Court may review untimely appeals and determine whether the notice requirement should be waived.  Tenn. R. App. P. 4.  Waiver is not automatic and should only occur when "the interest of justice" mandates waiver.  To hold otherwise, by summarily granting waiver whenever confronted with untimely notices, renders the thirty-day requirement a legal fiction and circumvents the rule.  *See Michelle Pierre Hill v. State*, No. 01C01-9506-CC-00175, 1996 WL 63950, at *1 (Tenn. Crim. App., at Nashville, Feb. 13, 1996), *perm. to appeal denied* (Tenn. May 28, 1996).  In determining whether waiver is appropriate, this Court shall consider the nature of the issues for review, the reasons for the delay in seeking relief, and other relevant factors presented in each case.  *Ronald McCray v. State*, No. W2006-00053-CCA-R3-HC, 2006 WL 1063684, at *1 (Tenn. Crim. App., at Jackson, April 21, 2006).

As stated above, Petitioner asserts that he is entitled to both habeas corpus relief and relief under Rule 36.1 because his release eligibility of 30% is illegal because his sentence was required to be served at 100%.  However, as argued by the State, Petitioner's sentence is not illegal.  Petitioner was originally charged with aggravated sexual battery, a Class B felony, which was statutorily required to be served at 100%.  T.C.A. § 39-13-504(b); § 40-35-501(i)(1).  However, he pled guilty to **attempted** aggravated sexual battery, a Class C felony, an offense not statutorily required to be served at 100%.  T.C.A. § 39-12-107; *State v. Harness*, No. E2004-01946-CCA-R3-CD,

2005 WL 2515780, at *6 (Tenn. Crim. App., at Knoxville, Oct. 11, 2005)("Attempted aggravated sexual battery is not one of the listed offenses requiring one hundred percent service of sentence."). Therefore, as pointed out by the State, Petitioner's sentence is perfectly legal. Petitioner asserts in his brief that "once he was transferred to the Tennessee Department of Correction[ ], he was informed that he would have to complete the full six (6) years at one hundred (100%) percent without the benefit of any sentence reduction credits." However, the record reflects that the Tennessee Department of Correction (TDOC) has not required Petitioner to serve his sentence at 100%. The printout from the TDOC reflects that Petitioner is a standard offender.

It is manifestly clear by the issue raised and the entire record that the interest of justice does not mandate waiver of the timely filing of the notice of appeal. Because Petitioner has failed to adhere to the timeliness requirements of the notice of appeal, this appeal is dismissed.

## CONCLUSION

For the foregoing reasons, this appeal is dismissed

_____
THOMAS T. WOODALL, JUDGE